**CARLISLE v. HOLLAND et al. (No. 1913.)**

(Court of Civil Appeals of Texas. El Paso. March 4, 1926. Rehearing Denied March 25, 1926.)

Appeal and error ☜564(5)—Statement of facts, though filed too late, could be considered by Court of Civil Appeals on showing that delay in filing was caused by missing deposition and due diligence used (Rev. St. 1925, arts. 2245, 2246).

Although statement of facts was filed 14 days too late, under Rev. St. 1925, art. 2246, Court of Civil Appeals could permit statement to remain part of record and consider same in disposing of appeal under article 2245, on showing that delay was caused by missing deposition, and that due diligence was used.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by M. N. Carlisle against J. D. Holland and others. From the judgment, plaintiff appealed. On motion of appellees, the statement of facts was stricken from record. On motions of appellant for rehearing on order, and requesting consideration of statement of facts. Motions granted, and order striking out statements of facts set aside.

Chandler & Chandler, of Stephenville, and Wallace Scott, of Dublin, for appellant.

R. L. Thompson, of Stephenville, for appellees.

HIGGINS, J. This appeal is prosecuted from a final judgment of the district court of Erath county rendered September 4, 1925. By the judgment appellant was granted 90 days from and after the adjournment of the court in which to file statement of facts and bills of exception. The term of court at which the case was tried might, by law, continue more than 8 weeks, and, in fact, was in session more than 8 weeks. The term ended on September 5, 1925. The appeal bond was filed September 29, 1925, the appellant being a nonresident. Statement of facts was filed in the trial court December 17, 1925. The transcript and statement of facts were filed in the Eastland Court of Civil Appeals on December 18, 1925. The case, by order of the Supreme Court made January 6, 1925, was transferred to this court. The Revised Statutes of 1925 became effective September 1, 1925.

In the condition of the record as shown above, and under article 2246, R. S. 1925, the statement of facts was filed in the trial court about 14 days too late. The appellees filed a motion to strike out the statement of facts upon that ground, to which motion the appellant made no reply, and upon a previous day of this term the motion was sustained and the statement of facts stricken out.

The appellant has filed a motion for rehearing upon said order, and another motion requesting the court to consider said statement of facts, notwithstanding the same was not filed in the court below within the time prescribed by law, and the order of the trial court. Under article 2245, R. S. 1925, this court has the authority to permit a statement of facts to remain as a part of the record and to consider the same in the hearing and adjudication of the cause the same as if the statement had been filed in the time required by law, upon it being shown to the satisfaction of this court that the party tendering the statement of facts has used due diligence to obtain the approval and signature of the judge thereto, and to file the same within the time prescribed by law, and that his failure to file the same is not due to the fault or laches of said party or his attorney, and that such failure was the result of causes beyond his control.

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is shown by the motions now under consideration and by affidavits attached thereto that the deposition of one of the witnesses in the cause became misplaced among the papers of another case in the district court of Erath county, and, though diligent search for the same was made, such deposition was not found until on or about December 12, 1925. It is further shown that the entire statement of facts had been prepared within the time prescribed by law for its filing except for the missing deposition. The statement of facts was completed and filed on December 17th, which was just five days after the deposition was found.

It therefore appears, upon the facts stated, that article 2245 is applicable, and this court should permit the statement of facts to remain as part of the record and consider the same upon the hearing and disposition of the appeal.

It is therefore ordered that the motions now under consideration be granted, and the order of this court heretofore made striking out the statement of facts be set aside, and the appellees' motion to strike out said statement of facts be overruled.